16-1326
Diaz, et al. v. Amedeo Hotels Ltd. P'ship

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 9th day of May, two thousand eighteen.

PRESENT: JOHN M. WALKER, JR.,
DENNIS JACOBS,
<u>Circuit Judges</u>,
KATHERINE B. FORREST,[1]
<u>District Judge</u>.

- - - - - - - - - - - - - - - - - - - - -X
RUBEN DIAZ, RENE FERNANDEZ, MOHAMMED ISMAT, PRADIP SAHA, RAMANDRA SAHA, MAXINE SMITH, ABDUR RAQUIB, JOHNNY RAMIREZ, MADGY SAAD, WALTER FREIRE, MOZIBUR RAHMAN, CHRISTOPHER STAVROPOULOS, ABDUR RAHMAN, SYED AHMED, WALTER GARCIA, ASHIF MIRU, BISWA SAHA, SAYOT ALPHONSE, ALBERTO PRADO, MAURICE SCHWARTE, ABELLA BOUALE,

---

[1] Judge Katherine B. Forrest, of the United States District Court for the Southern District of New York, sitting by designation.

1

DENZIL HANNAH, MILAD BARSOUM, MOAZZEMUL
HAQUE, ARUN SAHA,
     **Plaintiffs-Appellees**,

     **-v.-**                     16-1326

**AMEDEO HOTELS LIMITED PARTNERSHIP,**
     **Defendant-Appellant**,

     **and**

**NWPH, LLC, N.W. HOSPITAL,**
     **Defendants**.
- - - - - - - - - - - - - - - - - - - - -X

| | |
|---|---|
| **FOR APPELLANT:** | JOHN R. HUNT (Paul E. Wagner, <u>on the brief</u>), Stokes Wagner, ALC; Ithaca, NY. |
| **FOR APPELLEE:** | DAVID C. WIMS, Law Office of David Wims; Brooklyn, NY. |

Appeal from a judgment of the United States District Court for the Eastern District of New York (Azrack, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that this appeal is **DISMISSED**.

Plaintiffs in this case are hotel room service waiters who brought claims under the Fair Labor Standards Act (FLSA) and the New York Labor Law (NYLL) against the operator of their hotel, Amedeo, alleging that they were illegally underpaid. Amedeo appeals the district court's ruling, on summary judgment, that Plaintiffs' NYLL claims are not preempted by the Labor Management Relations Act ("LMRA"). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

2

The district court granted summary judgment to Amedeo dismissing Plaintiffs' FLSA claims, but declined to retain supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' state claims, which it remanded to state court. Prior to analyzing the supplemental jurisdiction discretionary factors, however, the district court reached the merits of Amedeo's preemption argument, concluding that Plaintiffs' state claims are not preempted by the LMRA because those claims would not require much, if any, reference to the parties' collective bargaining agreement. The district court only then addressed supplemental jurisdiction, ultimately declining in its discretion to retain jurisdiction because the remaining claims would involve novel questions of New York law.

To have standing on appeal, "a party must be aggrieved by the judicial action from which it appeals." Kass v. City of New York, 864 F.3d 200, 205 (2d Cir. 2017) (internal quotation marks omitted). "A party that is not bound by a district court order will, in the usual case, have difficulty showing that it meets the Article III standing requirement that it has suffered such an injury." Id. (internal quotation marks and alteration omitted). "Because the decision to retain jurisdiction is discretionary and not a litigant's right, a court is not required either to accept or decline supplemental jurisdiction when a state law claim raises federal preemption issues." Klein & Co. Futures, Inc. v. Bd. of Trade of City of New York, 464 F.3d 255, 263 (2d Cir. 2006).

Because the district court exercised its broad discretion not to retain supplemental jurisdiction over the state claims, the district court's preemption ruling was *dicta*, unnecessary to the ultimate resolution of Amedeo's summary judgment motion. Accordingly, Amedeo was not sufficiently aggrieved by the district court's preemption conclusion to have standing to challenge it on appeal.

The appeal is **DISMISSED** for lack of jurisdiction.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK

3